**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


United States of America, o/b/o
Hilda L. Solis, Secretary of
Labor, United States Department
of Labor, Mine Safety & Health
Administration

     v.                                    Civil No. 12-cv-261-PB

Raymond Sand and Gravel,
Incorporated, and its
Successors


**<u>REPORT AND RECOMMENDATION</u>**


    The United States Secretary of Labor, Hilda Solis ("the

Secretary"), has sued Raymond Sand and Gravel, Incorporated

("Raymond").  She seeks to recover penalties that have been

assessed against Raymond under the Federal Mine Safety and

Health Act of 1977 ("FMSHA"), 30 U.S.C. §§ 801-965, plus

interest, and she also asks for injunctive relief.  On October

17, 2012, the court entered a default against Raymond for

failing to respond within the time and in the manner provided by

Rule 12 of the Federal Rules of Civil Procedure.  Before me for

a report and recommendation is the Secretary's application for

entry of a default judgment.  On November 30, 2012, I heard oral

argument on that motion and permitted further written

submissions.  Defendant did not appear.  Based upon the Secretary's argument and her submissions, I recommend that: (1) the Secretary be granted default judgment in the amount of $103,262.57; and (2) the Secretary's requests for injunctive relief be granted in part and denied in part, as specified below.

## The Legal Standard

Default has been entered against Raymond.  <u>See</u> doc. no. 4. Therefore, Raymond is "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability."  <u>S.E.C. v. New Futures Trading Int'l Corp.</u>, No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59, 62-63 (1st Cir. 2002)).  That said, while "a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims."  10 James Wm. Moore, <u>Moore's Federal Practice</u> § 55.32[1][b] (3d ed. 2012).  Rather, "[t]he claimant must state a legally valid claim for relief," <u>id.</u>, and "[a] court may grant judgment by default only for relief that may be lawfully granted on the well-pleaded facts alleged by the claimant," <u>id.</u> (citing <u>Quirindongo Pacheco v. Rolon Morales</u>, 953 F.2d 15, 16 (1st Cir. 1992)).

**Discussion**

By defaulting, Raymond has conceded that: (1) the federal Mine Safety and Health Administration ("MSHA") sent Raymond proposed assessments in an attempt to collect $93,035 in penalties it assessed against Raymond; and (2) Raymond never contested any of those proposed assessments. The Secretary now seeks judicial assistance to recover the penalties that have been assessed against Raymond. In her complaint, she seeks judgment in the amount of $93,035 plus interest and a surcharge. She also seeks three forms of injunctive relief. The court begins with the Secretary's request for monetary relief and then turns to her requests for injunctive relief.

A. Monetary Relief

Under the FMSHA, when the Secretary issues a proposed assessment of penalty, such as those that were issued in this case, a mine operator has thirty days to contest the assessment. See 30 U.S.C. § 815(a). When a mine operator fails to do so, the "proposed assessment of penalty shall be deemed a final order of the [Federal Mine Safety and Health Review] Commission [("FMSHRC")], and not subject to review by any court or agency." Id. "Civil penalties owed under [the FMSHA] may be recovered in

a civil action in the name of the United States."  30 U.S.C. §

820(j).  In addition,

> [i]nterest at the rate of 8 percent per annum shall be
> charged against a person on any final order of the
> Commission, or the court.  Interest shall begin to
> accrue 30 days after the issuance of such order.

Id.

Based upon the factual allegations that Raymond has

conceded, the Secretary is entitled to a judgment in the amount

of $93,035, plus eight percent interest, as authorized by the

FMSHA.  Moreover, the Secretary has produced evidence,

unchallenged by Raymond, that $10,227.57 in interest has

accrued, thus increasing Raymond's liability to $103,262.57.

See Pl.'s Mem. on Damages, Mattos Decl. (doc. no. 6-1) ¶¶ 8-9.

The Secretary also seeks to collect a ten-percent surcharge

which, in her view, is authorized by the Federal Debt Collection

Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3308.  Such relief,

however, is not available to the Secretary as this case

currently stands.  The FDCPA provides that

> [i]n an action or proceeding under subchapter B or C .
> . . the United States is entitled to recover a
> surcharge of 10 percent of the amount of the debt in
> connection with the recovery of the debt, to cover the
> cost of processing and handling the litigation and
> enforcement under this chapter of the claim for such
> debt.

28 U.C.C. § 3011(a).  The problem with the Secretary's claim for a surcharge is that this is not an action or proceeding under subchapter B or C.

Subchapter B describes the prejudgment remedies that are available to the United States.  See 28 U.S.C. §§ 3101-05. Subchapter C describes the postjudgment remedies that are available to the United States.  See 28 U.S.C. §§ 3201-06.  This action is not a proceeding to secure a prejudgment remedy or a proceeding to enforce a judgment.  Rather, it is a proceeding, under 30 U.S.C. § 820(j) to reduce to judgment an order of the FMSHRC.  Unfortunately for the Secretary, "[a] surcharge pursuant to § 3011 is not available in an action to obtain a judgment on a debt, but is instead limited to prejudgment or postjudgment actions or proceedings."  United States v. Sackett, 114 F.3d 1050, 1053 (10th Cir. 1997) (vacating district court's award of § 3011 surcharge); see also United States v. Smith, 862 F. Supp. 257, 263 (D. Haw. 1994); United States v. Mauldin, 805 F. Supp. 35, 36 n.5 (N.D. Ala. 1992)).  If, at some point, the Secretary should happen to resort to subchapter C of the FDCPA to collect her judgment from Raymond, then she may be entitled to the surcharge she now seeks, but until then, she is not.

B. Injunctive Relief

In addition to monetary relief, the Secretary seeks
injunctive relief in the form of an order that:

> enjoin[s] [Raymond] from violating and/or failing to
> comply with any Final Orders issued under the [FMSHA],
> including but not limited to failing to pay any past
> due civil penalties for violations of the [FMSHA];
>
> . . . requir[es] [Raymond] to post an appropriate bond
> with the Mine Safety and Health Administration
> ("MHSA"), United States Department of Labor, to
> guarantee future compliance with the [FMSHA],
> including the payment of final civil penalty orders
> issued under the [FMSHA]; [and]
>
> . . . require[es] [Raymond] to post a copy of Court
> Orders in this matter at each of its mines and at its
> main office, in a place where miners can easily read
> the Orders.

Compl. (doc. no. 1) ¶¶ b-d.  The court begins by setting out the
legal basis for the Secretary's requests for injunctive relief,
and then turns to each of the three forms of injunctive relief
she seeks.

1. The Legal Basis

The FMSHA does, indeed, grant this court the authority to
grant injunctive relief.  Specifically:

> **(1)** The Secretary may institute a civil action
> for relief, including a permanent or temporary
> injunction, restraining order, or any other
> appropriate order in the district court of the United
> States for the district in which a coal or other mine
> is located or in which the operator of such mine has

6

his principal office, whenever such operator or his
agent—

> **(A)** violates or fails or refuses to comply
> with any order or decision issued under this
> chapter, or fails or refuses to comply with any
> order or decision, including a civil penalty
> assessment order, that is issued under this
> chapter.

30 U.S.C. § 818(a).  Moreover, "[i]n any action brought under
subsection (a) of [§ 818], the court shall have jurisdiction to
provide such relief as may be appropriate."  30 U.S.C. § 818(b).

### 2. Order Enjoining Violation of FMSHA Final Orders

The Secretary first asks the court to issue an order
enjoining Raymond from violating or failing to comply with any
final orders issued by the FMSHRC.  It is not clear whether the
Secretary is asking the court to enjoin Raymond from violating
the final orders the FMSHRC has already issued, or ones it may
issue in the future.  Given my recommendation that the final
orders already issued be reduced to judgment against Raymond,
and given the postjudgment remedies made available to the United
States by 28 U.S.C. §§ 3201-06, the FMSHRC orders that have
already been issued would seem to have been superseded by the
judgment I recommend.  Thus, there is no role to be played by an
order barring Raymond from continuing to violate those final
orders.  Accordingly, I recommend that the court not issue an

order enjoining Raymond from continuing to violate the FMSHRC
orders that have already been issued.

    If, on the other hand, the Secretary is seeking an order
enjoining Raymond from violating FMSHRC final orders yet to be
issued, there is a different problem.  When the FMSHRC issues a
final order, the Secretary may seek to have it enforced in the
court of appeals.  See 30 U.S.C. § 816(b).  When such an order
involves a civil penalty, as in this case, the Secretary may
bring a civil action to reduce that penalty to judgment.  See 30
U.S.C. § 820(j).  If the court were to issue the injunction the
Secretary seeks, then violations of future FMSHRC final orders
by Raymond would not be addressed as specified in the FMSHA, but
in proceedings for contempt of court.  That, alone, might not
counsel against granting the relief the Secretary seeks, but the
order she requests would also seem to have the effect of barring
Raymond from exercising its right to seek review of FMSHRC final
orders in the court of appeals, as contemplated by the FMSHA.
See 30 U.S.C. § 816(a)(1).  Accordingly, I recommend that the
Secretary not be granted an order enjoining Raymond from
violating or failing to comply with final orders issued under
the FMSHA.

### 3. Order to Post a Bond

The most substantial form of injunctive relief the
Secretary seeks is an order requiring Raymond to post "a bond in
the amount of $90,000.00 in favor of the Secretary of Labor to
ensure payment of future liabilities."  Pl.'s Mem. on Damages
(doc. no. 6), at 6.  She justifies such relief in the following
way: "posting a bond to provide a source of payment for
penalties assessed in the future is necessary to prevent a
recurrence of [Raymond]'s disregard of its statutory obligations
of compliance under the [Federal Mine Safety and Health] Act."
Id. at 5.  Legally, she relies on the familiar four-part test
for evaluating a request for permanent injunctive relief, under
which a plaintiff must ordinarily show:

> (1) that it has suffered an irreparable injury; (2)
> that remedies available at law, such as monetary
> damages, are inadequate to compensate for that injury;
> (3) that, considering the balance of hardships between
> the plaintiff and defendant, a remedy in equity is
> warranted; and (4) that the public interest would not
> be disserved by a permanent injunction.

The Shell Co. (P.R.) Ltd. v. Los Frailes Serv. Station, Inc.,
605 F.3d 10, 19 (1st Cir. 2010) (quoting eBay Inc. v.
MercExchange, L.L.C., 547 U.S. 388, 391 (2006); citing CoxCom,
Inc. v. Chaffee, 536 F.3d 101, 112 (1st Cir. 2008)).

Stating the legal standard on which the Secretary relies is sufficient to demonstrate why she should not be granted the relief she seeks.  Typically, injunctive relief is necessary when a plaintiff has suffered an injury for which monetary damages would provide inadequate compensation.  Here, of course, the Secretary has brought this action to collect a monetary penalty.  It is difficult to see how the monetary penalties already imposed, or those the Secretary anticipates imposing in the future, would result in injuries for which monetary damages would provide inadequate compensation.  Accordingly, the Secretary's request for an order requiring Raymond to post a bond should be denied.

The court further notes that the jurisprudence of the FMSHA appears to include no decision in which a district court has ordered a mine operator to post a bond to cover the payment of penalties yet to be imposed.  Rather, the injunctions courts have issued under § 818 tend to focus on the conduct of mine operators at their mines.  See, e.g., Chao v. Darwin Stratton & Son, Inc., 79 F. App'x 354, 355 (10th Cir. 2003) (affirming grant of injunction barring mine operator from "(1) interfering with, hindering or delaying the Secretary's representatives from carrying out the provisions of the Mine Act; (2) refusing to

10

admit the Secretary's representative into their mining sites;
and (3) refusing to permit inspection or investigation of the
mines"); Solis v. Sullivan Granite Co., 751 F. Supp. 2d 260, 262
(D. Me. 2010) (enjoining mine operator from "interfering with
[the Department of Labor] in [its] attempts to inspect the
quarry and enforce the law"); Marshall v. Meredith Mining Co.,
483 F. Supp. 737, 738 (W.D. Pa. 1980) (enjoining mine operator
"from continuing operations of its Kutsch Mine until [it]
corrects certain conditions"); Marshall v. Gilliam, 462 F. Supp.
133, 134 (E.D. Mo. 1978) (issuing injunction "requiring [mine
operators] to permit inspection of their business property").

To be sure, the FMSHA gives the court "jurisdiction to
provide such relief as may be appropriate," 30 U.S.C. § 818(b),
which is a relatively broad grant of authority.  But, on the
other hand, requiring mine operators to post bonds to secure
payment of potential future penalties seems more like a policy
for Congress to legislate than a remedy that may be properly
imposed by a court against an operator that has been assessed
penalties in the past.  And, in any event, should the Secretary
assess monetary penalties against Raymond in the future, and
seek to recover those penalties through judicial action, she
would have at her disposal all the prejudgment remedies provided

by the FDCPA.  <u>See</u> 28 U.S.C. § 3101-05.  So, for these
additional reasons, I recommend that the court not issue an
injunction requiring Raymond to post a bond to secure the
payment of any future penalties the Secretary may impose upon
it.

<u>4. Order to Post Judge Barbadoro's Order</u>

Finally, the Secretary asks the court to order Raymond to
post a copy of the order that concludes this case at each of its
mines and at its main office.  This request echoes the statutory
requirement that

> [a] copy of any order, citation, notice, or decision
> required by this chapter to be given to an operator
> shall be delivered to the office of the affected mine,
> and a copy shall be immediately posted on the bulletin
> board of such mine by the operator or his agent.

30 U.S.C. § 819(a).

While the court appreciates the Secretary's interest in
publicizing the final outcome of its action against Raymond,
there may be a better solution than an injunction, the
enforcement of which would tax both judicial resources and those
of the Secretary.  In <u>Sullivan Granite</u>, Judge Woodcock ordered
"that the United States Marshal shall serve a copy of [the]
Order [in that case] by delivering the same to [defendant]
Conrad J. Smith and by conspicuously posting the same at the

quarry identified as Brown's Meadow Quarry," 751 F. Supp. 2d at 263. Such an order would be the better solution here. Thus, in the event that Judge Barbadoro approves this report and recommendation, I recommend that the United States Marshal be ordered to post copies of this report and recommendation, and Judge Barbadoro's order, at Raymond's main office and at its mine(s), located at 321 Route 27, Raymond, New Hampshire. See Pl.'s Mem. on Damages, Ex. 4B (doc. no 6-5), at 4.

### Conclusion

For the reasons detailed above, I recommend that the Secretary's application for entry of a default judgment, document no. 5, be granted, but only to the extent that: (1) judgment is entered against Raymond in the amount of $103,262.57; (2) the Secretary is ordered to provide the United States Marshal with the addresses of Raymond's main office and its mine(s); and (3) the United States Marshal be ordered to post a copy of this report and recommendation, and Judge Barbadoro's order, at those locations.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.

Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 12, 2012

cc:  James L. Polianites, Jr., Esq.