### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America, o/b/o
Hilda L. Solis, Secretary of
Labor, United States Department
of Labor, Mine Safety & Health
Administration

     v.                             Civil No. 12-cv-261-PB

Raymond Sand and Gravel,
Incorporated, and its Successors

### REPORT AND RECOMMENDATION

On December 12, 2012, I issued a report and recommendation, document no. 5, on the Secretary of Labor's application for entry of a default judgment.  The Secretary objected in due course to my recommendations concerning the injunctive relief she seeks.  Judge Barbadoro has referred the Secretary's objection to me, for a supplemental report and recommendation that responds to the new arguments raised in the Secretary's objection.  For the reasons that follow, I recommend that Judge Barbadoro adopt my initial report and recommendation, with one minor modification.

The Secretary objects to my recommendations concerning her requests for an order: (1) enjoining Raymond Sand and Gravel, Incorporated ("Raymond") from violating any final orders that may be issued in the future under the Federal Mine Safety and

Health Act of 1977 ("FMSHA"), 30 U.S.C. §§ 801-965; (2)
requiring Raymond to post a bond with the federal Mine Safety
and Health Administration ("MSHA"); and (3) requiring Raymond to
post court orders in this matter at its main office and at its
mine(s).  I consider each form of injunctive relief in turn.
First, however, I outline the applicable legal principles.

### Legal Principles

With regard to injunctive relief, the FMSHA provides, in
pertinent part:

> **(1)** The Secretary [of Labor] may institute a
> civil action for relief, including a permanent or
> temporary injunction, restraining order, or any other
> appropriate order in the district court of the United
> States for the district in which a coal or other mine
> is located or in which the operator of such mine has
> his principal office, whenever such operator or his
> agent–
>
>> **(A)** violates or fails or refuses to comply
>> with any order or decision issued under this
>> chapter, or fails or refuses to comply with any
>> order or decision, including a civil penalty
>> assessment order, that is issued under this
>> chapter.

30 U.S.C. § 818(a).  The FMSHA further provides that "[i]n any
action brought under subsection (a) of [§ 818], the court shall
have jurisdiction to provide such relief as may be appropriate."
30 U.S.C. § 818(b).

There appear to be no reported decisions in cases in which
the Secretary has sought an injunction under § 818(a)(1)(A).

Rather, the reported § 818 jurisprudence tends to have been generated by cases in which the Secretary sought: (1) injunctions pursuant to § 818(a)(1)(C), against mine operators who refused to admit authorized representatives of the Secretary onto their properties; or (2) injunctions pursuant to § 818(a)(1)(D), against operators who refused to permit inspections of their mines. See, e.g., Marshall v. Sink, 614 F.2d 37, 37-38 (4th Cir. 1980); Chao v. Darwin Stratton & Son, Inc., 79 F. App'x 354, 355 (10th Cir. 2003); Solis v. Sullivan Granite Co., 751 F. Supp. 2d 260, 262 (D. Me. 2010); Dole v. Kutsey, 731 F. Supp. 708, 709 (E.D. Pa. 1990). Thus, there is no reasoned judicial guidance as to what constitutes an "appropriate order" for injunctive relief under the circumstances of this case, where the Secretary is suing not to gain access to Raymond's property or to inspect its mine(s), but to collect unpaid penalty assessments and to enjoin Raymond from violating future final orders that may be issued by the Federal Mine Safety and Health Review Commission ("Commission").

Having described the relevant statute, I turn to the Secretary's three requests for injunctive relief.

### Injunction Against Violating Future MSHA Final Orders

In her complaint, the Secretary asked for three forms of injunctive relief, including an order that

> enjoin[s] [Raymond] from violating and/or failing to
> comply with any Final Orders issued under the [FMSHA],
> including but not limited to failing to pay any past
> due civil penalties for violations of the [FMSHA].

Compl. (doc. no. 1) ¶ b.

My recommendation to deny the Secretary's first request for injunctive relief was based upon the fact that the FMSHA includes a provision under which persons aggrieved by orders issued under the FMSHA may seek judicial review, in the court of appeals, see 30 U.S.C. § 816(a). My concern was that giving the Secretary a contempt remedy, in this court, for violations of future FMSHA final orders could have the effect of taking away Raymond's statutory right to judicial review of such orders in the court of appeals. While I recognize that my concern may have been unfounded, or could be addressed by the language of an injunction, I continue to recommend that Judge Barbadoro deny the Secretary's first request for injunctive relief.

In her objection, the Secretary argues that: (1) the evidence she proffered at the hearing demonstrates a correlation between a mine operator's compliance with penalty assessments and the safety of its operations, which is a strong practical reason for this court to order compliance with FMSHA orders yet to be issued; and (2) civil penalties are an essential tool for enforcing mine safety standards, and nothing in the FMSHA indicates that Congress intended to bar district courts from

enjoining future non-compliance with orders issued under the
FMSHA.  In support of her objection, the Secretary has submitted
orders from four other district courts granting the form of
injunctive relief she seeks in paragraph b of her complaint.[1]
Finally, an overarching theme of the Secretary's objection to
the recommended denial of her first request for injunctive
relief is her observation that Raymond has repeatedly failed to
pay penalties assessed under the FMSHA, and her interest in
effectively enforcing the FMSHA against mine operators who
persist in failing to pay their penalties.

     There is no gainsaying the Secretary's legitimate interest
in enforcing the FMSHA.  But, the statute itself includes
various enforcement mechanisms, and the Secretary does not
explain how the statutory scheme for penalty enforcement would
provide her with an inadequate remedy in the future in the event
that Raymond violates or fails to comply with some future order
of the Commission.  Here, for example, the Secretary's recourse
to the statutory enforcement procedure will result in a
significant money judgment against Raymond.

     Beyond that, if the court were to grant the relief the
Secretary seeks, it could come to pass that Raymond: (1) is

---

[1] Only one of those orders arose in the context of a default
judgment.  See Pl.'s Obj., Attach. 1 (doc. no. 10-1).  The other
three orders memorialized agreed-upon judgments.  See id.,
Attachs. 2-4 (doc. nos. 10-2, 10-3, & 10-4).

cited for an FMSHA violation; (2) fails to comply with a final
order imposing a civil penalty for that violation; (3) is held
liable for the penalty, in a new case brought under 30 U.S.C. §
820(j), and (4) is held liable for violating the injunction in
this case.  Such a result might be good public policy, but if
Congress had wanted to impose multiple sanctions on repeat
offenders, or if it had wanted to give the Secretary a choice of
remedies to use against repeat offenders, it surely could have
done so.  It did not, and for that reason, it does not appear
that an injunction against future violations of Commission
orders is an "appropriate order," 30 U.S.C. § 818(a)(1), in this
case.

If a mine is less safe "during [a] period when [FMSHA]
penalties remain unpaid," Pl.'s Obj. (doc. no. 10), at 3, which
was the thrust of Robert Dow's proffered testimony, and if the
Secretary's purpose in enforcing the FMSHA is to promote mine
safety, then, perhaps, it might make sense to enjoin the
operation of a mine while its operator owes outstanding civil
penalties.  Cf. Marshall v. Meredith Mining Co., 483 F. Supp.
737, 739 (W.D. Pa. 1980) (granting "[a]n injunction, prohibiting
further operation of the defendant's Kutsch Mine until the
defendant remedies the conditions cited in the notices and
citations issued by representatives of the Secretary of Labor").

Here, however, the Secretary is attempting to enjoin future violations of FMSHA final orders, on pain of contempt sanctions imposed after the fact, a remedy that does little or nothing to keep miners out of unsafe mines.

In addition, the comprehensive enforcement scheme established by the FMSHA counsels against granting the Secretary the relief she seeks in paragraph b of her complaint.  Under the FMSHA, a mine operator becomes subject to a final order of the Commission in one of two ways.  First, if the Secretary issues a citation and the mine operator does not contest it within thirty days, "the citation and the proposed assessment of penalty shall be deemed a final order of the Commission and not subject to review by any court or agency."  30 U.S.C. § 815(a).  On the other hand, if the mine operator does contest the citation and/or the proposed penalty, the Commission shall give the mine operator a hearing and then issue an "order [that] shall become final 30 days after its issuance."  30 U.S.C. § 815(d).  From a final order issued under § 815(d), but not one issued under § 815(a), a mine operator may seek judicial review in the court of appeals.  See 30 U.S.C. §§ 815(a), 816(a)(1).  Finally, notwithstanding the Secretary's apparent suggestion that a contested payment order does not become final until it has been fully adjudicated in the court of appeals, see Pl.'s Obj. (doc.

no. 10), at 7, the FMSHA provides that "[t]he commencement of a proceeding [in the court of appeals] shall not, unless specifically ordered by the court, operate as a stay of the order or decision of the Commission," 30 U.S.C. § 816(c), which indicates that a contested Commission order is a final order when it is under judicial review.

Based upon the mechanics of the FMSHA, if the court were to grant the injunction the Secretary seeks, the following scenario could play out.  The Secretary issues a new citation and a proposed assessment of penalty against Raymond, pursuant to 30 U.S.C. § 814.  Raymond contests the citation or the assessment, as permitted by § 815(d).  The Commission affirms the Secretary's citation and proposed penalty.  See id.  Less than thirty days after the Commission issues its order, Raymond petitions for review in the court of appeals, under § 816(a)(1). Raymond's petition does not stay the Commission's order.  See 30 U.S.C. § 816(c).  Thirty days after the Commission issues its order, while it is the subject of a petition in the court of appeals, the order becomes final.  See 30 U.S.C. § 815(d). Raymond does not comply with the final order.  The Secretary brings a motion for contempt in the district court, based on Raymond's failure to comply with the final order.  Under that scenario, the Secretary and Raymond could end up fighting over

similar issues in two different proceedings in two different fora.

The scenario described above seems inefficient and likely to generate confusion.  And, the Secretary does not indicate what benefit she would gain from an order requiring Raymond's compliance with future final orders from the Commission that is not already available to her under the FMSHA.  For those reasons, the injunction the Secretary seeks does not seem to be an "appropriate order," 30 U.S.C. § 818(a)(1), under the FMSHA.

Congress has crafted a comprehensive scheme for the enforcement of final orders issued by the Commission.  The injunction the Secretary seeks would give her a remedy for which there is no statutory basis and that would complicate the operation of the enforcement mechanism Congress did enact. Accordingly, I continue to recommend that Judge Barbadoro deny the Secretary's first request for injunctive relief.

### Order to Post a Bond

The second form of injunctive relief the Secretary seeks is an order that

> requir[es] [Raymond] to post an appropriate bond with
> the Mine Safety and Health Administration ("MHSA"),
> United States Department of Labor, to guarantee future
> compliance with the [FMSHA], including the payment of
> final civil penalty orders issued under the [FMSHA].

Compl. (doc. no. 1) ¶ c.  Previously, I recommended that Judge
Barbadoro deny the Secretary's second request for injunctive
relief on grounds that she had not identified any injury for
which monetary damages would not be an adequate remedy, which is
a prerequisite for injunctive relief.  See The Shell Co. (P.R.)
Ltd. v. Los Frailes Serv. Station, Inc., 605 F.3d 10, 19 (1st
Cir. 2010) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S.
388, 391 (2006); citing CoxCom, Inc. v. Chaffee, 536 F.3d 101,
112 (1st Cir. 2008)).

     In her objection, the Secretary does not contest my
conclusion that, with regard to the bond she seeks, she has not
satisfied the four-part test for injunctive relief that she
identified as the legal basis for her claim.  Rather, she
focuses her attention on various policy arguments, including
contentions that: (1) forcing the Department of Labor to file
successive penalty-enforcement actions would clog the courts and
impose a burden on the Department; and (2) judicial enforcement
of penalty assessments one at a time, whenever such an
assessment goes unpaid, is generally not cost-effective for the
Secretary; and (3) lack of enforcement encourages non-
compliance, discourages mine operators who are compliant, and
harms miners by eroding the integrity of the safety and health
enforcement system.  The Secretary further argues that nothing

in the FMSHA suggests Congressional opposition to the remedy it seeks.

The Secretary's objection does not persuade me to alter my previous recommendation on this issue.  Her arguments are neither illogical nor unreasonable.  But, in the final analysis, they are all policy arguments of a sort that are more properly directed to Congress.  In my view, the scope of appropriate injunctive relief does not stretch so broadly as to encompass the establishment of an entirely new enforcement mechanism that was not enacted by Congress.

### Order to Post Judge Barbadoro's Order

The third form of injunctive relief the Secretary seeks is an order that

> require[es] [Raymond] to post a copy of Court Orders
> in this matter at each of its mines and at its main
> office, in a place where miners can easily read the
> Orders.

Compl. (doc. no. 1) ¶ d.

Based on Judge Woodcock's order in Sullivan Granite, 751 F. Supp. 2d at 263, I recommended that the court order in this case, and my report and recommendation, should be posted at Raymond's main office and mine(s) by the United States Marshal. The Secretary objects, on the following grounds:

> Requiring the Defendants to post the Court's
> Order would be consistent with the statute's

> requirements.  It would also enable the Plaintiff to
> cite the Defendant for violating [30 U.S.C. 819] if
> the Defendant failed to post the Order.  In contrast,
> if the U. S. Marshal posts the Court's Order, the
> Defendant might claim it could simply remove it
> without necessarily violating the Act.  The Court
> should order the Defendant to post the Court's Order
> and maintain it under the Act for an appropriate time,
> such as one year.

Pl.'s Obj. (doc. no. 10), at 10.

None of the Secretary's objections is persuasive.  First,

requiring Raymond to post court documents is not consistent with

the FMSHA's requirements.  That statute requires the posting of

"any order, citation, notice or decision required by this

chapter to be given to an operator."  30 U.S.C. § 819(a)

(emphasis added).  The FMSHA requires the transmittal of

numerous documents to mine operators,[2] including decrees from the

court of appeals in proceedings brought under § 816, but nowhere

does the FMSHA mandate the transmittal of orders in civil

---

[2] See, e.g., 30 U.S.C. §§ 814(a) (citations for violations
of the FMSHA, issued by the Secretary or his authorized
representative); 814(e)(1) (notifications and orders concerning
patterns of FMSHA violations, issued by the authorized
representative of the Secretary); 815(a) (notifications of
proposed civil penalties, issued by the Secretary); 815(b)(1)(A)
(notifications of failures to correct FMSHA violations, issued
by the Secretary); 817(b)(1) (notifications concerning
potentially dangerous mine conditions, issued by an authorized
representative of the Secretary); 817(d) (findings and orders
made under § 817).

actions brought under § 818(a)(1) or § 820(j).[3]  Thus, the order

the Secretary seeks is similar to, but not fully consistent

with, the requirements of the FMSHA.

Moreover, because the FMSHA does not require mine operators

to post district court orders, the legal authority under which

the Secretary could cite Raymond for failing to do so is not

readily apparent.  Beyond that, I am somewhat troubled by the

Secretary's argument that the court should require Raymond to

post its orders in this case, rather than having the U.S.

Marshal post it, because such a directive might give the

Secretary a chance to issue a citation to Raymond.  Ordering the

U.S. Marshal to post the court documents generated by this case

is consistent with the secretary's interest in promoting mine

safety by providing miners with information about the safety of

the mines in which they work.  As a result, I continue to

recommend that Judge Barbadoro direct the U.S. Marshall to post

his order and my reports.

Finally, the Secretary asks the court to order Raymond to

keep the order in this case posted "for an appropriate time,

such as one year."  Pl.'s Obj. (doc. no. 10), at 10.  As for

---

[3] Obviously, an operator will receive a copy of any
injunction or judgment issued against it by a district court,
but district courts provide parties with such notification in
the normal course of their operations, not because they are
required to do so by the FMSHA.

what constitutes an appropriate time for FMSHA documents to
remain posted, 30 U.S.C. § 819 does not say.  While the
Secretary opines that one year would be appropriate, she does
not justify that time period in any way.  Despite the silence of
§ 819, the FMSHA does provide some guidance on this issue.

30 U.S.C. § 814(h) provides that citations and orders
issued under § 814 remain in effect until they are modified,
terminated, or vacated.  See also 30 U.S.C. § 817(d).  It would
seem reasonable that an operator's obligation to post a citation
or an order would abate once the citation or order was
terminated or vacated.  By analogy, then, it seems reasonable
that the court documents in this case should remain posted until
Raymond has fully complied with Judge Barbadoro's order.
According to the Secretary's own witness, mine safety is
generally degraded "during the period when penalties remain
unpaid."  Pl.'s Obj. (doc. no. 10), at 3.  By that logic, once
Raymond pays the judgment in this case, it will no longer owe
any unpaid penalties, and as a result, its mines will pose less
of a risk to the miners it employs.  Neither the Secretary nor
her expert has identified any purpose to be served by requiring
Raymond to keep Judge Barbadoro's order posted after the
judgment in this case has been paid.

Based on the foregoing, I recommend modifying my previous recommendation in the following way.  Specifically, I now recommend that the court: (1) order the U.S. Marshal to post copies of my previous report and recommendation, this report and recommendation, and Judge Barbadoro's order, at Raymond's main office and at its mine(s), located at 321 Route 27, Raymond, New Hampshire; and (2) order Raymond to leave those documents posted until it has satisfied all of its obligations thereunder, including payment in full of the judgment against it.

### Conclusion

For the reasons detailed above, I recommend that Judge Barbadoro adopt my previous report and recommendation, with the modification described in the preceding paragraph.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 25, 2013

cc:  James L. Polianites, Jr.